UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY KATHLEEN ROARK                          CIVIL ACTION

VERSUS                                       NO. 11-701

WAL-MART STORES, INC.                        SECTION "L" (2)


**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTIONS:        (1)    Defendant's Motion for Expedited Hearing, Record Doc.
                       No. 61
                (2)    Defendant's Motion to Quash and for Protective Order,
                       Record Doc. No. 60


O R D E R E D:


 (1) :  GRANTED.  Written opposition to the motion and a reply memo have already been
filed and reviewed, so that the motion will be determined immediately.


 (2) :  GRANTED.  The deposition is QUASHED for two reasons. First, the notice was
wholly unreasonable. Fed. R. Civ. P. 30(b)(1).

Second, the deadline set in the court's Rule 16 scheduling order for the completion
of depositions for trial use has lapsed, the final pretrial conference is set to occur in three
days, with trial in less than two weeks. Record Doc. No. 20.  A Rule 16 order "may be
modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4)
(emphasis added).  In determining "good cause" in connection with a Rule 16 scheduling
order of the type that was entered in this case, the court must weigh the following factors:
(1) the explanation for the failure to comply, (2) the importance of the matters that are the
subject of the order, (3) potential prejudice in allowing the requested action and (4) the
availability of a continuance to cure such prejudice.  Nunez v. United States Postal Serv.,
298 F. App'x 316, 319 (5th Cir. 2008); Hamburger v. State Farm Mut. Auto. Ins. Co., 361
F.3d 875, 883-84 (5th Cir. 2004); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145
F.3d 320, 324 (5th Cir. 1998).

"Good cause" to extend the deadline to permit this deposition has not been
established.  The explanation for the late notice is not persuasive.  Plaintiff knew about and

identified this witness on her own witness list months ago, yet took no action timely to set her deposition before now. The substance of the testimony of the witness may be important, depending on whether or not plaintiff's speculation about the witness's ability or willingness to contradict prior testimony might prove to be so. However, it does not appear important that her deposition be taken, since plaintiff concedes in her opposition memorandum that the witness already "has been personally served with a subpoena to appear and testify at trial." Record Doc. No. 63 at p. 3. Thus, it appears that her deposition would not necessarily be admissible at trial, in lieu of her live testimony. Fed. R. Civ. P. 32(a)(4). Defendant would be prejudiced by having to engage in deposition-taking at this late date, with the pretrial conference and trial looming. Whether a continuance is available to cure the prejudice is a matter within the sole discretion of the presiding district judge, and must be addressed to him.

New Orleans, Louisiana, this _____26th_____ day of January, 2012.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE