UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY KATHLEEN ROARK** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-701** |
| | * | |
| **WAL-MART LOUISIANA, LLC** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Plaintiff Mary Kathleen Roark's Motion for an Additur and to Amend the Judgment or in the Alternative, for a New Trial Pursuant to Rule 59. (R. Doc. 99). For the following reasons, IT IS ORDERED that this Motion is DENIED.

**I.    BACKGROUND**

This case arises out of personal injuries sustained in a store parking lot. On or about March 4, 2010, Plaintiff was shopping at Wal-Mart Store #909, located at 8101 West Judge Perez Drive, Chalmette, Louisiana, owned and/or managed by defendant Wal-Mart Louisiana, LLC ("Wal-Mart"). While Plaintiff was walking on the raised sidewalk at this store, she alleges her foot struck a metal object protruding from the pavement, causing her to fall and suffer injuries.

On March 1, 2011, Plaintiff filed a Petition in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against Wal-Mart. (R. Doc. 1-2). Therein, Plaintiff seeks damages from Wal-Mart, alleging the metal object was created by or was negligently allowed to remain by Wal-Mart's employees or other customers of the store, and the object had been there for such a length of time that Wal-Mart knew or should have know of its existence and had it removed. Plaintiff claims she had no knowledge or warning of the object. Plaintiff

claims she sustained injuries to her hands, face, right knee, neck, back, and other contusions and abrasions. Plaintiff sought "general and special damages, which include but are not limited to, pain and suffering, mental anguish and distress, medical expenses, lost wages and/or loss of earning capacity, disability and loss of enjoyment of life."

On April 1, 2011, Wal-Mart filed a Notice of Removal in this Court on the basis of federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Wal-Mart then filed an Answer, raising a number of affirmative defenses and requesting trial by jury. (R. Doc. 6).

This matter was tried by a jury on February 6-9, 2012. *See* (R. Docs. 90, 94, 95). The jury returned a verdict in favor of Plaintiff in the amount of $80,000.00. *See* (R. Doc. 95, 97). Subsequently, a Judgment was entered. (R. Doc. 97).

## II. PRESENT MOTION

### A. Plaintiff's Motion

Plaintiff filed the present Motion seeking an additur and amendment to the Judgment, or alternatively, a new trial pursuant to Rule 59. Plaintiff first argues that the Court is to apply Louisiana law to the standards for additur and new trial because the case is before the Court on diversity jurisdiction.

Plaintiff next argues that the jury's failure to award any damages for Plaintiff's future pain and suffering is inconsistent and inadequate when considered with the other damages awarded, particularly the large award for past medical expenses, future medical expenses, and past pain and suffering, and as well as when compared with the evidence in the record, particularly the physician testimony. Plaintiff seeks an additur of a minimum of $2000.00 for

each year of her remaining 23-year life expectancy.

Plaintiff also argues that the jury erred in failing to award damages for loss of earning capacity. According to Plaintiff, the only relevant testimony presented was that Plaintiff was entitled to at most $162,782 and at least $84,256 for these damages. Plaintiff acknowledges she was laid off prior to her accident, but argues that the evidence showed she would have been rehired at the same rate of pay had she not been injured. Plaintiff seeks a minimum award of one-half the present value of the loss offered by Dr. Rice, that is, $42,128.00.

### B. Wal-Mart's Response

Wal-Mart filed a Response in opposition to Plaintiff's Motion. (R. Doc. 101). It first argues that additur is prohibited in federal courts.

Second, Wal-Mart argues that there exist no grounds for the Court to grant a new trial. With regard to future pain and suffering, it notes that the jury did award general damages and argues that the evidence supports the jury's award. According to Wal-Mart, the jury made a credibility determination as to which physician testimony to believe regarding Plaintiff's alleged back injury, and it believed that her back injury was not caused by the fall. It discounts Plaintiff's argument that an award of past medical expenses reflect future pain and suffering on the basis that past damages account for the time period before trial and future damages account for the time period after trial. Wal-Mart notes that the jury did not award the entirety of past medical expenses requested by Plaintiff. Wal-Mart also argues that an award of future medicals does not necessitate an award for future pain and suffering, especially given that there was no evidence presented on future pain and suffering for Plaintiff's remaining hand injury.

With regard to loss of earning capacity, Wal-Mart argues that no testimony or evidence

-3-

warrants reconsideration of the jury's award of zero damages. It claims that the credibility of Plaintiff's experts was questionable because they testified Plaintiff could not sit or stand longer that 15 minutes, yet this was based on the incorrect assumption Plaintiff's alleged back injuries were caused by her accident at Wal-Mart and Plaintiff sat through the trial for hours at a time. Wal-Mart acknowledges that the Plaintiff may have suffered from diminished grip strength of the right hand, but that this injury was healed three months after the accident allowing Plaintiff to return to work since she possesses transferable skills, is protected by age discrimination laws, and could perform light duty or sedentary positions with comparable salaries. Wal-Mart alleges that the evidence shows that Plaintiff asked to be laid-off from her previous employment and after her accident, her job was no longer available on grounds independent of her accident.

### C. Plaintiff's Reply

Plaintiff filed a Reply in further support of her Motion. (R. Doc. 108). Plaintiff concedes that federal courts are not permitted to enter an additur to an inadequate jury award, but argues that the Court is still permitted to grant a partial new trial limited to the proper assessment of damages. Plaintiff then argues that future pain and suffering should be considered and calculated from the date of maximum medical recovery, not the date of the trial. She then reiterates her argument that it was inconsistent with the evidence presented for the jury to award nothing for future pain and suffering. Last, Plaintiff argues that the evidence demonstrated that she sustained a definite loss of earning capacity as a result of her injuries at the Wal-Mart store.

## III. LAW & ANALYSIS

### A. Additur

"Federal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Gasperini v. Center for Humanities, Inc*., 518 U.S. 415, (1996). "As *Erie* read the Rules of Decision Act: 'Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.'" *Id*. (quoting *Erie R. Co. v. Thompkins*, 304 U.S.C. 64, 78 (1938)). As recognized by the parties, the Supreme Court has held that additur is a violation of the Seventh Amendment, *see Dimick v. Schiedt*, 293 U.S. 474, 486 (1935), and thus this Court is barred from applying such remedy in the present matter. *See Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976)("It is well-settled, however, that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute.").

> B.  **Rule 59 & New Trial Standard**

Alternatively, Plaintiff seeks a partial new trial on certain damages pursuant to Federal Rule of Civil Procedure 59. Federal Rule of Civil Procedure 59(a)(1)(A) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A motion for a new trial on the issue of damages once liability has been definitely established is proper." *Lapapa v. Nat'l R.R. Passenger Corp*., 2005 WL 3533858, at *3 (E.D. La. Oct. 19, 2005)(citing *New Orleans & Ne. R.R. Co. v. Hewitt Oil Co.*, 341 F.2d 406 (5th Cir. 1965)). "A district court, however, should attempt to avoid substituting its judgment for the jury's considered verdict, so as to not violate the parties' Seventh Amendment rights." *Id*. (citing *Sorina v. Avis Rent-A-Car Sys., Inc*., 1992 WL 40840, at *1 (E.D. La. Feb. 20, 1992)). "If the jury's verdict is 'clearly within the universe of possible awards which are supported by

the evidence,' then a district court may not properly grant a new trial based merely on the inadequacy of the damage award." *Id*. (citing *Brun-Jacobo v. Pan Am. World Airways, Inc*., 847 F.2d 242, 246 (5th Cir. 1988)). "The Fifth Circuit has stated that it will not interfere with the factfinder's award of damages unless it is 'so inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial.'" *Id.* (quoting *Munn v. Algee*, 924 F.2d 569, 578 (5th Cir. 1991)).

Because the matter is before the Court on diversity jurisdiction, the new trial standards of Louisiana law are applicable. *Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012); *Foradori v. Harris*, 523 F.3d 477, 498 (5th Cir. 2008)("The Supreme Court in *Gasperini*...held that, in an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy...."). Under Louisiana law, "[a] new trial shall be granted...[w]hen the verdict or judgment appears clearly contrary to the law and evidence." La. Code Civ. P. 1972(1). "The trial court's discretion in ruling on a motion for new trial is great." *Davis v. Wal-Mart Stores, Inc*., 2000-0445, p. 10 (La. 11/28/00); 774 So. 2d 84, 93. "Whether to grant a new trial requires a discretionary balancing of many factors." *Id*. (citing *Gibson v. Bossier City Gen. Hosp.*, 594 So. 2d 1332 (La. App. 2 Cir. 1991)). The Louisiana Supreme Court has spoken on this discretion as follows,

> The fact that a determination on a motion for new trial involves judicial discretion, however, does not imply that the trial court can freely interfere with any verdict with which it disagrees. The discretionary power to grant a new trial must be exercised with considerable caution....Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury's responsibility. A motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light. Thus, the jury's verdict should not be set aside if it is

supportable by any fair interpretation of the evidence. *Id.* (quoting *Gibson*, 594 So. 2d 1332).

In making this determination, the trial court must balance the great deference given to the jury as the fact finder and the discretion bestowed upon it in reviewing the motion, but the scales are "clearly tilted in favor of the survival of the jury's verdict." *Davis*, 2000-0445, p. 11; 774 So. 2d at 93-94. The decision is to be made on a case-by-case basis. *Davis*, 2000-0445, p. 11; 774 So. 2d at 94.

### C. Assessment of Quantum

"It is well-settled that a judge or jury is given great discretion in its assessment of quantum, both general and specific damages." *Guillory v. Lee*, 2009-0075, p.14 (La. 6/26/09); 16 So. 3d 1104, 1116. Louisiana Civil Code article 2324.1 codifies this, providing: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." The assessment of quantum or the appropriate amount of damages by a judge or jury is a determination of fact, one entitled to great deference. *Wainwright v. Fontenot*, 00-0492, p.6 (La. 10/17/00); 774 So. 2d 70, 74.

### D. Damages for Future Pain & Suffering

Plaintiff argues that because the jury found that the negligence of Wal-Mart was a legal cause of Plaintiff's injuries and the jury awarded Plaintiff damages of past medical expenses, future medical expenses, and past pain and suffering, it was "inherently inconsistent" to award no damages for future pain and suffering. Plaintiff argues that the testimony of Dr. John Watermeier that Plaintiff would continue to have low back pain the rest of her life supports damages for future pain and suffering. She further argues that the jury could not have believed Dr. Estrada's testimony that Plaintiff only suffered a three month back injury because the

$42,000 awarded for past medical expenses must include medical expenses for treatment after the three months. According to Plaintiff, even if the jury followed the testimony of Dr. George, the failure to award any damages for future pain and suffering was erroneous since Dr. George testified that Plaintiff still had diminished grip strength, requiring further physical therapy, and as a result, could not return to her previous employment.

In response, Wal-Mart notes that the jury did award some general damages and argues that the evidence supports the jury's award. Wal-Mart alleges the following in opposition to an award for future pain and suffering: the evidence from Dr. Kenneth Williams and Dr. Eric George demonstrates Plaintiff had no back pain or injuries in March 2010; Dr. Richard Meyer's testimony demonstrates Plaintiff had no back pain in April 2010, and although Plaintiff had back pain in May 2012, Dr. Meyer did not recommend treatment other than hand therapy; Dr. Estrada testified that Plaintiff's alleged back injury was not related to the accident and if it did exist, it was resolved within three months; there exist serious credibility issues with the altered medical records produced by Advanced Spine Care which show Plaintiff suffered from low back pain and injury; and Dr. Watermeier's testimony relied upon the altered records from Advanced Spine Care. Next, Wal-Mart argues that Plaintiff's claim that past and/or future medical expenses warrant an award of future pain and suffering is illogical and not supported by the evidence, especially since the only future medical condition suffered by Plaintiff was a reduced grip strength. It also criticizes as absurd, Plaintiff's claim that future damages can be measured from a time prior to trial.

Future pain and suffering are elements of general damages. *Darbonne v. Bertrand Invs., Inc.*, 2011-1224 (La. App. 3 Cir. 3/7/12); 2012 WL 716381, at *3 (citing *McGee v. A C & S, Inc.*,

05-1036 (La. 7/10/06); 933 So. 2d 770)). General damages are those 'which are inherently speculative in nature and cannot be fixed with mathematical certainty.'" *Wainwright v. Fontenot*, 2000-0492, p.6 (La. 10/17/00); 774 So. 2d 70, 74 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 7-1 (Michie 1996)). "A jury is vested with great discretion in awarding general damages." *Guidry v. Allstate Ins. Co.*, 2011-517, p. 14 (La. App. 3 Cir. 12/21/11); 83 So. 3d 91, 102 (citing *Jenkins v. State*, 06-1804 (La. App. 1 Cir. 8/19/08); 993 So. 2d 749, *writ denied*, 08-2471 (La. 12/19/08); 996 So. 2d 1133).

Plaintiff challenges the jury's failure to award damages for future pain and suffering. "The primary factors in assessing quantum for [physical pain and suffering] are the severity and duration of the pain and suffering." *Guidry v. Allstate Ins. Co.*, 2011-517, p. 14 (La. App. 3 Cir. 12/21/11); 83 So. 3d 91, 102 (citing *Jenkins v. State*, 06-1804 (La. App. 1 Cir. 8/19/08); 993 So. 2d 749, *writ denied*, 08-2471 (La. 12/19/08); 996 So. 2d 1133).

Plaintiff argues that the award of special damages without a corresponding award for future pain and suffering constitutes an impermissible inconsistency. The issue of whether an award for pain and suffering must always accompany an award for medical expenses was discussed at length in *Wainwright v. Fontenot*, 2000-0492 (La. 10/17/00); 774 So. 2d 70. Therein, the Louisiana Supreme Court rejected a per se rule that an award of medical expenses without accompanying award for pain and suffering is invalid, and instead concluded that there is no bright line rule, with each case depending on its individual facts. *See id.* As *Wainwright* recognized, "a jury...can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as the result of defendant's fault." 00-0492, at p.8; 774 So. 2d at 76.

Considering the evidence presented at trial under the foregoing law, the Court finds that the jury's failure to award damages for future pain and suffering does not warrant a new trial on the issue. The jury heard the medical testimony and determined that Plaintiff's only future medical expenses were those related to her reduced hand strength and the recommended physical therapy for this condition. This conclusion is supported by the testimony of Dr. Estrada, Dr. George, and Dr. Meyer. The Court recognizes that contradictory testimony was also presented by Plaintiff's medical witnesses, but because "[c]redibility determinations are for the trier of fact, even as to the evaluation of expert witness testimony," *Green v. K-Mart, Corp.*, 2003-2495, p.5 (La. 5/25/04); 874 So. 2d 838, 843, the Court leaves the jury's determination undisturbed, especially given that the credibility of Plaintiff's medical experts was directly challenged at trial. The jury awarded $5,500 in future medical expenses and no money for future pain and suffering. (R. Doc. 95-3). The Court finds no Rule 59 error in the jury's conclusion that this medical condition and treatment would not cause Plaintiff future pain and suffering, particularly since there was no evidence that the reduced grip strength or related physical therapy would cause pain and suffering.

Additionally, the Court clarifies that future damages, including those for pain and suffering, are damages anticipated to be suffered post-trial, not pretrial after a plaintiff reaches maximum medical improvement. *See e.g. Howell v. Am. Cas. Co. of Reading, Pa.*, 96-0694 (La. App. 4 Cir. 3/19/97); 691 So. 2d 715, 737 (noting difference between past and future damages); *Rowe v. State Farm Mut. Auto. Ins. Co.*, 95-669 (La. App. 3 Cir. 3/6/96); 670 So. 2d 718, 25(noting future damages are those occurring post-trial). Any other interpretation would be illogical and inconsistent with the law. Accordingly, Plaintiff's claim that part of the $42,000 in

past medical expenses is somehow indicative of future pain and suffering is incorrect; only the future medical expenses of $5,5000 could be considered indicative of possible future pain and suffering. The jury apparently concluded that this expense was to compensate the Plaintiff for the cost of physical therapy to improve grip strength in her hand which was unrelated to pain and suffering.

E. **Damages for Loss of Earning Capacity**

Plaintiff next argues that she is entitled to a Rule 59 new trial on the jury's failure to award her damages for loss of earning capacity. According to Plaintiff, she presented economic testimony, that of Dr. Randolph Rice who is highly qualified and experienced in vocational evaluation and conducted thorough interviews and testing of Plaintiff, which demonstrated her right to at least $84,256.00 in loss of earning capacity. According to Plaintiff, even with just her reduced grip strength, she is unable to return to prior employment which involved climbing ladders while carrying loads. Plaintiff alleges that Elizabeth Martina, Wal-Mart's vocational evaluator, testified that Plaintiff would have to be retrained in transferable skills before finding a light duty or sedentary job. Plaintiff notes the testimony of Redonna Colona, Plaintiff's immediate work supervisor, that Plaintiff, but for her injuries, would have been rehired at her previous employment, at the same wage rate, and without regard to the reduction in work force.

In response, Wal-Mart first challenges the credibility of the testimony of Bobby Roberts, a vocational evaluator, who opined that Plaintiff could not return to work because she could not sit or stand for longer than 15 minutes and that she had no transferable skills, alleging his testimony was based on the inaccurate assumption that Plaintiff would continue to suffer from a back injury in the future and the jurors witnessed Plaintiff sit through the trial for hours without

issue.  Wal-Mart acknowledges that Plaintiff may suffer reduced grip strength in the future, but argues this is not a basis for altering the jury's loss of earning capacity decision.  Second, Wal-Mart alleges that the testimony of Elizabeth Martina, a vocational rehabilitation specialist, supports the jury's decision since she testified that: Plaintiff has several transferable skills, she is protected by age discrimination laws, and she could preform light duty to sedentary positions with salaries up to $30,000 per year, comparable to her previous salary.  Third, Wal-Mart alleges that the testimony of Plaintiff's former work supervisors demonstrates that Plaintiff asked to be laid off before her accident because she was sick and tired, and after the layoff she was not called back.  Fourth, Wal-Mart discounts the testimony of Dr. Rice on the basis that he was not aware that Plaintiff was laid-off the day before her accident and Plaintiff was released to go back to work by Dr. George.

Under Louisiana law,

> Loss of earning capacity is not the same as lost wages.  Rather, earning capacity refers to a person's potential.  Earning capacity is not necessarily determined by actual loss.  While the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of his past or future lost earning capacity.  The plaintiff need not be working or even in a certain profession to recover this type of award.  What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of that capacity.
> In determining whether a personal injury plaintiff is entitled to recover for the loss of earning capacity, the trial court should consider whether and how much plaintiff's current condition disadvantages him in the work force.  The trial court should thus ask itself what plaintiff might be able to have earned but for his injuries and what he may now earn given his resulting condition.
>
> The very nature of lost earning capacity makes it impossible to measure the loss with any kind of mathematical certainty.  The facts of each case must take into account a variety of factors, including plaintiff's condition prior to the accident, his work record prior to and after the accident, his previous earnings, the likelihood of his ability to earn a certain amount but for the accident, the amount of work life remaining, inflation, and the plaintiff's employment opportunities before and after the accident.  *Darbonne,* 2011-

-12-

1224, p. 4 (La. App. 3 Cir. 3/7/12); 2012 WL 716381, at *4 (quoting *Batiste v. N.H. Ins. Co.*, 94-1467, pp. 3-4 (La. App. 3 Cir. 5/3/95); 657 So. 2d 168, 170, *writ denied*, 95-1413 (La. 9/22/95); 660 So. 2d 472)).

A finding of anatomical impairment does not necessarily require an award for loss of earning capacity. *Darbonne,* 2011-1224, p. 4; 2012 WL 716381, at *4 (citing *Bennet v. City of New Iberia*, 08-1369 (La. App. 3 Cir. 4/1/09); 7 So. 3d 822).

Here, the jury was presented with competing testimony from each the Plaintiff's and Wal-Mart's experts regarding Plaintiff's alleged loss of earning capacity. Based upon the verdict awarded, the jury relied upon the testimony of Wal-Mart's experts that Plaintiff's reduced grip strength would not prevent Plaintiff from finding similarly-salaried, light duty or sedentary employment. As noted, "[c]redibility determinations are for the trier of fact, even as to the evaluation of expert witness testimony." *Green v. K-Mart, Corp.*, 2003-2495, p.5 (La. 5/25/04); 874 So. 2d 838, 843. Further, the jury heard testimony from Redonna Colona and Sal Monfra, Plaintiff's superiors at her job prior to the accident, and learned that while Plaintiff had been laid-off and rehired on more than one occasion and this could happen again, Plaintiff also had asked to be laid-off prior to her accident and was not called back for rehiring even before the employer knew about her accident. In considering the factors for loss of earning capacity, the jury apparently focused on the evidence demonstrating Plaintiff's inconsistent employment history, her voluntary decision to leave her employment before the accident, the fact Plaintiff was not contacted for rehiring independent of her accident, and the possibility Plaintiff could be rehired for ordinary maintenance even with her reduced grip strength. The Court finds that the jury's failure to award damages for loss of earning capacity is not clearly contrary to the evidence or law and a Rule 59 new trial on this issue is not warranted.

## V. CONCLUSION

For the foregoing reasons IT IS ORDERED that Plaintiff's Motion for an Additur and to Amend the Judgment or in the Alternative, for a New Trial Pursuant to Rul 59 (R. Doc. 99) is DENIED.

New Orleans, Louisiana, this 18th day of May 2012.

_____
UNITED STATES DISTRICT JUDGE